20

From: The District Court of the Eleventh Judicial District. County of Flathead.

STATE OF MONTANA, Plaintiff, vs. LARRY ELLIS JONES, Defendant.

NO. 2940

## DECISION

The application of the above-named defendant for a review of the sentence of 10 years for first degree burglary with two prior felony convictions (2 counts of forgery) with no provision concerning 66 days jail imprisonment, imposed on March 31st, 1969, was fully heard and after a careful consideration of the entire ·matter it is decided that:

The sentence be and remain as originally imposed, except that for the guidance of the State Prison and the State Board of Pardons, it is specifically directed that defendant's 66 days jail imprisonment prior to confinement in the State Prison shall be credited to the defendant as though already served in the State Prison at the time of reception and shall be so used in computing the time when defendand may be considered for parole purposes. Respecting this direction concerning defendant's jail imprisonment, it is our opinion that the law permits no other method of treating the same. Section 95-2215, R.C.M.1947; State v. Zachmeier, 153 Mont 64, ·453 P.2d 783, 26 St. Rep. 210.

Section 95-1506 (d), R.C.M. 1947, provides that where the sentencing court find allegations of a prior conviction are true, the defendant shall be sentenced under the provisions of Section 94-4713, R.C.M. 1947. This last statute provides that in a situation such as this, where the State has charged and proved prior conviction of a felony, defendant is punishable by imprisonment in the State Prison for a term of not less than 10 years. Under the provisions of Sections 95-2501 to 95-2504, inclusive, R.C.M. 1947, this Court may not impose a sentence different from the one the sentencing court could have imposed at the time of sentencing. Thus, while this court might increase the sentence in this case, it cannot decrease it.

As to the contention that there was not entire compliance with Section 95-1506, R.C.M. 1947, in establishing defendant's prior convictions, such was not established to this Court's satisfaction, but, even if it were, we are unable to say that the sentence was not proper, reasonable, and sufficiently lenient, the individual and the sentencing goals kept in mind, particularly when it is considered that the presumption is that the sentencing judge was correct in his assessment of the situation, that the crime was committed by defendant while on probation or parole, and the crime itself carries a possible penalty of 15 years imprisonment.

We thank Professor David J. Patterson, Acting Director of the Montana Defender Project for his assistance to the defendant and to the Court.

DATED this 25th day of July, 1969.

SENTENCE REVIEW DIVISION

Philip C. Duncan, chairman; Paul G. Hatfield, Jack D. Shanstrom.